DOWNEY, Judge.
The parties in this twenty-seven year marriage had five children, one of whom is a minor. During most of the marriage the husband operated groves in the citrus industry. In the last four years, however, he has been trying to establish a nursery business without much success. His efforts have produced little or no income. The wife’s income from her gift shop business is approximately $17,000 per year.
The final judgment under review awarded the wife exclusive possession of the jointly owned marital home and custody of the minor child. The court found a special equity in favor of the husband as to certain real property in Fort Pierce and directed the wife to convey her interest therein to the husband. The wife was awarded title to the gift shop business, which she has operated exclusively for the past eighteen years. The final judgment also awarded the husband rehabilitative alimony in the amount of $500 per month for five years and required the wife to pay $750 toward his attorney’s fees. The wife contests these last two items on appeal.
No doubt, one does not start a profitable nursery overnight. However, the husband has been engaged in the nursery operation without profit for four years. The five year rehabilitative alimony period would extend this gestation period of the nursery to nine years. We have no difficulty with the concept of using rehabilitative alimony as a vehicle to get an impecunious spouse started in a business or profession so that he or she may become self-supporting and independent. However, we believe that allowing nine years for the husband to establish the nursery is an unreasonable period. On the facts of this case we believe two years of rehabilitative alimony is all that is indicated. The record reflects that appellee and his counsel felt pretty much the same way in the trial court. The husband testified that he was only “a couple more years” away from turning the nursery into a self-supporting commercial operation. In closing argument, his counsel stated that the wife “should be made responsible for some rehabilitative support for him until this nursery starts to be producing. He said [referring to the husband] it was a year or a year and a half.”
Accordingly, we find no error in the partial allowance of attorney’s fees, but reverse the five year award of rehabilitative alimony and remand the cause with directions to reduce the period of rehabilitative alimony to two years from the date of the judgment.
AFFIRMED IN PART; REVERSED IN PART, and remanded with directions.
ANSTEAD and BERANEK, JJ., concur.