BARFIELD, Judge.
In this dissolution of marriage case, the former husband appeals the trial court’s awarding of alimony to the former wife and the division of marital property. We find no error in the division of marital property or the lump-sum alimony award of the husband’s interest in the marital home and its contents to the wife. We do find error in the award of permanent periodic alimony and rehabilitative alimony.
The former wife has degrees in music education and nursing and is employed as an industrial nurse at a salary of $350 per week. She also operated a pet boarding and grooming business that grossed approximately $6,000 per year, but she cut back on that business because of her domestic difficulties and the fact that the family’s farm was for sale.
The former husband has a retirement income from the Air Force in the amount of $971 per month. He has additional income as an anesthetist specializing in obstetrics. His income for the twelve months ending November, 1983 was $46,000, and he anticipated income for the year ending April, 1984 of $60,000 to $65,000.
The trial court awarded permanent periodic alimony of $100 per month to the former wife in addition to $400 per month for eighty-four months as rehabilitative alimony to her. In Canakaris v. Canakaris, 382 So. 2d 1197, 1202 (Fla.1980), the court said: “The principal purpose of rehabilitative alimony is to establish the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills.” Such a need is not demonstrated by this record. Mrs. Elliott is a degreed nurse working in her profession and expressed no need or interest in retraining. Although it is conceivable that rehabilitative alimony of short duration could be granted to allow the former wife to re-establish her pet business, the eighty-four months duration is manifestly excessive. See, e.g., McVey v. McVey, 417 So.2d 321 (Fla. 4th DCA 1982). Since the $400 per month rehabilitative alimony was effective December 1, 1983, any justification by the pet business has expired. Mrs. Elliott voluntarily allowed the apparently thriving business to decline. This is not an instance of establishing a new business. We therefore reverse the award of rehabilitative alimony.
The former wife’s only established income was $18,000 per year as compared with the husband’s $45,000 to $65,000 earnings in addition to his tax free retirement checks. It is likely that the trial court would have granted a greater amount of permanent periodic alimony if it had realized rehabilitative alimony was inappropriate. The award of permanent periodic alimony is remanded to the trial court for reconsideration in light of this opinion.
This case is AFFIRMED in part, REVERSED in part, and REMANDED for further consideration consistent with this opinion.
JOANOS and WIGGINTON, JJ., concur.